**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| ROYAL APPLIANCE MANUFACTURING CO., d/b/a TTI FLOOR CARE NORTH AMERICA, and TECHTRONIC FLOOR CARE TECHNOLOGY LTD., | Case No. _____ |
| Plaintiffs, | Judge _____ |
| v. | **JURY TRIAL DEMAND** |
| EURO-PRO OPERATING, LLC, | |
| Defendant. | |

**COMPLAINT**

The Plaintiffs, Royal Appliance Manufacturing Co., d/b/a TTI Floor Care North America ("Royal"), and Techtronic Floor Care Technology Ltd. ("TFCT") (collectively, "Plaintiffs") by their undersigned attorneys, file this Complaint against the Defendant, Euro-Pro Operating, LLC ("Euro-Pro"), alleging as follows:

**PARTIES**

1. Royal is a corporation organized and existing under the laws of the State of Ohio with its principal place of business located at 7005 Cochran Road, Glenwillow, Ohio 44139.

2. Royal designs, develops, markets, and sells vacuum cleaning products and floor care appliances.

3. Prior to December 31, 2009, Royal owned U.S. Patent Nos. Re 38,949; 6,070,291; 6,735,817; 6,401,295; 6,901,626; 6,735,815; 6,591,446; 7,117,557; 6,260,234; 6,463,622; 7,134,166; and 7,146,681 ("the patents-in-suit").

4. TFCT is a company organized and existing under the laws of the British Virgin Islands, whose registered office is at P.O. Box 957 Offshore Incorporations Centre, Road Town, Tortola, British Virgin Islands.

5. TFCT currently owns the patents-in-suit.

6. Upon information and belief, Euro-Pro Operating, LLC is a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business located at 180 Wells Avenue, Newton, Massachusetts 02459.

7. Euro-Pro is in the business, *inter alia*, of designing, marketing and selling vacuum cleaning products and floor care appliances and competes with Royal.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a), and has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiffs' breach of contract claim.

9. The matter in controversy in this action exceeds the sum or value of $75,000, exclusive of interests and costs, and is between citizens of different states. Accordingly, this Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

10. This Court has personal jurisdiction over Euro-Pro because Euro-Pro, upon information and belief, regularly transacts business in the State of Ohio and in this judicial

district by, among other things, the sale of vacuum cleaners, either directly or through customers that sell the vacuum cleaners directly in this district. At a minimum, Euro-Pro places its products, including the infringing products identified in this Complaint, into the stream of commerce knowing that such products will be sold in this district.

11. Venue is proper in this district based on 28 U.S.C. § 1391(b) and (c) and § 1400(b).

## SUBSTANTIVE ALLEGATIONS OF BREACH OF CONTRACT

12. Plaintiffs reallege and incorporate by reference the foregoing paragraphs of this Complaint as though fully set forth herein.

13. On November 15, 2002, Royal filed a patent infringement lawsuit related to vacuum cleaners against Euro-Pro in the United States District Court for the Northern District of Ohio, Case No. 1:02 CV 2249.

14. Royal and Euro-Pro later settled that lawsuit and entered into a written agreement entitled "Settlement Agreement and Mutual Release," effective April 25, 2003 ("the Agreement").

15. Section 1(a) of the Agreement identifies the "Royal Patents" as "U.S. Patents 6,026,540, 6,070,291, 6,260,234, 6,353,963, 6,401,295 and 6,463,622, and all continuations-in-part, continuations, divisions, substitutes, reissues, reexaminations or extensions thereof, and all related North American foreign patents."

16. Pursuant to section 2(a) of the Agreement, Royal granted to Euro-Pro a non-exclusive, non-transferable license to make, have made, import, sell, and offer for sale in North America Licensed Euro-Pro Vacuums under the Royal Patents, such license continuing throughout the term of the Agreement.

17. Pursuant to section 1(e) of the Agreement, the term of the Agreement is "so long

as at least one of the Royal Patents contains a claim which has not been declared invalid by a court of competent jurisdiction from which no appeal is possible, and the patent containing the said claim remains in force."

18. In consideration for the license granted to Euro-Pro, Euro-Pro agreed to pay to Royal certain royalties as specified in section 3 of the Agreement.

19. Pursuant to section 6(j) of the Agreement, the Agreement "shall be governed by, and construed, and interpreted in accordance with the laws of the State of Ohio, and any action brought alleging a breach of the terms of this Agreement shall be brought before a competent court within the State of Ohio."

## SUBSTANTIVE ALLEGATIONS OF PATENT INFRINGEMENT

20. On January 31, 2006, United States Patent No. Re 38,949 ("the '949 patent") was duly and legally issued to Michael F. Wright, Charles J. Thur, Mark E. Cipolla, Brett A. Latimer, and Paul D. Stephens for an invention entitled "Upright Vacuum Cleaner with Cyclonic Air Flow." The '949 patent is a reissue of U.S. Patent No. 6,026,540. A copy of the '949 patent is attached hereto as Exhibit A and made part of this Complaint.

21. TFCT is the owner by assignment of the '949 patent. Royal was the previous owner by assignment of the '949 patent.

22. On June 6, 2000, United States Patent No. 6,070,291 ("the '291 patent") was duly and legally issued to Kenneth W. Bair, Richard C. Gibbs, Mark E. Reindle, and Michael F. Wright for an invention entitled "Upright Vacuum Cleaner with Cyclonic Air Flow." A copy of the '291 patent is attached hereto as Exhibit B and made part of this Complaint.

23. TFCT is the owner by assignment of the '291 patent. Royal was the previous owner by assignment of the '291 patent.

4

24. On May 18, 2004, United States Patent No. 6,735,817 ("the '817 patent") was duly and legally issued to Kenneth W. Bair, Richard C. Gibbs, Mark E. Reindle, and Michael F. Wright for an invention entitled "Upright Vacuum Cleaner with Cyclonic Air Flow." A copy of the '817 patent is attached hereto as Exhibit C and made part of this Complaint.

25. TFCT is the owner by assignment of the '817 patent. Royal was the previous owner by assignment of the '817 patent.

26. On June 11, 2002, United States Patent No. 6,401,295 ("the '295 patent") was duly and legally issued to Kenneth W. Bair, Richard C. Gibbs, Mark E. Reindle, and Michael F. Wright for an invention entitled "Upright Vacuum Cleaner with Cyclonic Air Flow." A copy of the '295 patent is attached hereto as Exhibit D and made part of this Complaint.

27. TFCT is the owner by assignment of the '295 patent. Royal was the previous owner by assignment of the '295 patent.

28. On June 7, 2005, United States Patent No. 6,901,626 ("the '626 patent") was duly and legally issued to Kenneth W. Bair, Richard C. Gibbs, Mark E. Reindle, and Michael F. Wright for an invention entitled "Upright Vacuum Cleaner with Cyclonic Air Flow." A copy of the '626 patent is attached hereto as Exhibit E and made part of this Complaint.

29. TFCT is the owner by assignment of the '626 patent. Royal was the previous owner by assignment of the '626 patent.

30. On May 18, 2004, United States Patent No. 6,735,815 ("the '815 patent") was duly and legally issued to Kenneth W. Bair, Richard C. Gibbs, Mark E. Reindle, and Michael F. Wright for an invention entitled "Upright Vacuum Cleaner with Cyclonic Air Flow." A copy of the '815 patent is attached hereto as Exhibit F and made part of this Complaint.

31. TFCT is the owner by assignment of the '815 patent. Royal was the previous

owner by assignment of the '815 patent.

32. On July 15, 2003, United States Patent No. 6,591,446 ("the '446 patent") was duly and legally issued to Kenneth W. Bair, Richard C. Gibbs, Mark E. Reindle, and Michael F. Wright for an invention entitled "Upright Vacuum Cleaner with Cyclonic Air Flow." A copy of the '446 patent is attached hereto as Exhibit G and made part of this Complaint.

33. TFCT is the owner by assignment of the '446 patent. Royal was the previous owner by assignment of the '446 patent.

34. On October 10, 2006, United States Patent No. 7,117,557 ("the '557 patent") was duly and legally issued to Kenneth W. Bair, Richard C. Gibbs, Mark E. Reindle, and Michael F. Wright for an invention entitled "Upright Vacuum Cleaner with Cyclonic Air Flow." A copy of the '557 patent is attached hereto as Exhibit H and made part of this Complaint.

35. TFCT is the owner by assignment of the '557 patent. Royal was the previous owner by assignment of the '557 patent.

36. On July 17, 2001, United States Patent No. 6,260,234 ("the '234 patent") was duly and legally issued to Michael F. Wright, Charles J. Thur, Brett Latimer, Paul D. Stephens, Mark E. Cipolla, and Craig J. Barbeck for an invention entitled "Upright Vacuum Cleaner with Cyclonic Air Flow." A copy of the '234 patent is attached hereto as Exhibit I and made part of this Complaint.

37. TFCT is the owner by assignment of the '234 patent. Royal was the previous owner by assignment of the '234 patent.

38. On October 15, 2002, United States Patent No. 6,463,622 ("the '622 patent") was duly and legally issued to Michael F. Wright, Charles J. Thur, Brett Latimer, Paul D. Stephens, Mark E. Cipolla, and Craig J. Barbeck for an invention entitled "Upright Vacuum Cleaner with

Cyclonic Air Flow." A copy of the '622 patent is attached hereto as Exhibit J and made part of this Complaint.

39. TFCT is the owner by assignment of the '622 patent. Royal was the previous owner by assignment of the '622 patent.

40. On November 14, 2006, United States Patent No. 7,134,166 ("the '166 patent") was duly and legally issued to Michael F. Wright, Charles J. Thur, Brett Latimer, Paul D. Stephens, Mark E. Cipolla, and Craig J. Barbeck for an invention entitled "Upright Vacuum Cleaner with Cyclonic Air Flow." A copy of the '166 patent is attached hereto as Exhibit K and made part of this Complaint.

41. TFCT is the owner by assignment of the '166 patent. Royal was the previous owner by assignment of the '166 patent.

42. On December 12, 2006, United States Patent No. 7,146,681 ("the '681 patent") was duly and legally issued to Michael F. Wright, Charles J. Thur, Brett Latimer, Paul D. Stephens, Mark E. Cipolla, and Craig J. Barbeck for an invention entitled "Upright Vacuum Cleaner with Cyclonic Air Flow." A copy of the '681 patent is attached hereto as Exhibit L and made part of this Complaint.

43. TFCT is the owner by assignment of the '681 patent. Royal was the previous owner by assignment of the '681 patent.

44. Upon information and belief, Euro-Pro is directly infringing, inducing infringement, and contributorily infringing Royal's exclusive rights in the patents-in-suit by manufacturing, importing, using, offering for sale, and/or selling products that embody the inventions of and are within the scope of the patents-in-suit and by causing others to offer for sale, sell, and use the infringing products. These infringing products include at least the

7

following: the Shark Navigator (Model Nos. NV22, NV22C, NV22L, NV22LC, NV22P, NV22T, NV22Q, NV22W), the Shark Multi-Vac (Model No. NH15W), the Shark Cordless Stick Vac (Model No. SV800W), the Shark 9.6 Volt Cordless Hand Vac (Model No. SV728NC), the Shark 12 Volt Cordless Hand Vac (Model No. SV7728), the Shark 14.4 Volt Cordless Hand Vac (Model Nos. SV7729N and SV70), the Shark 15.6 Volt Cordless Hand Vac (Model Nos. SV736, SV736R, and SV736N), the Shark VX33 16.8 Volt Cordless Hand Vac (Model No. SV768 14), the Shark 18 Volt Cordless Hand Vac (Model No. EP740H), the Shark Retractor PowerVac (Model Nos. EP187 and EP187TN), the Shark Bagless Cyclonic Handheld Vacuum Cleaner (Model Nos. V15Z and V1510), and the Fantom Bagless Cyclonic Handheld Vacuum Cleaner (Model No. FM430).  Euro-Pro continues such infringement.

45. As a direct and proximate result of the Euro-Pro's patent infringement and breach of contract, Plaintiffs have suffered injury and damage, which continue to accrue in an amount to be determined at trial.

## CAUSES OF ACTION

### COUNT I
### BREACH OF CONTRACT

46. Plaintiffs reallege and incorporate by reference the foregoing paragraphs of this Complaint as though fully set forth herein.

47. The Agreement is a valid, enforceable contract supported by adequate consideration, remains in force, and has not expired or been terminated.

48. The Agreement requires Euro-Pro to pay to Royal the royalties specified therein.

49. Euro-Pro has failed to pay to Royal the specified royalties for at least the Shark Cordless Stick Vac (Model No. SV800W).

8

50. Euro-Pro's failure to pay to Royal the required royalties is a material breach of the Agreement.

51. Royal has satisfied all requirements under the Agreement.

52. Plaintiffs have been and continue to be damaged by Euro-Pro's breach of contract.

## COUNT II
### INFRINGEMENT OF THE '949 PATENT

53. Plaintiffs reallege and incorporate by reference the foregoing paragraphs of this Complaint as though fully set forth herein.

54. The acts of Euro-Pro complained of herein constitute infringement of the '949 patent in violation of 35 U.S.C. § 271.

55. More specifically, Plaintiffs assert infringement of the '949 patent by the Shark 18 Volt Cordless Hand Vac (Model No. EP740H), the Shark Retractor PowerVac (Model Nos. EP187 and EP187TN), the Shark Bagless Cyclonic Handheld Vacuum Cleaner (Model Nos. V15Z and V1510), and the Fantom Bagless Cyclonic Handheld Vacuum Cleaner (Model No. FM430).

## COUNT III
### INFRINGEMENT OF THE '291 PATENT

56. Plaintiffs reallege and incorporate by reference the foregoing paragraphs of this Complaint as though fully set forth herein.

57. The acts of Euro-Pro complained of herein constitute infringement of the '291 patent in violation of 35 U.S.C. § 271.

58. More specifically, Plaintiffs assert infringement of the '291 patent by the Shark Navigator (Model Nos. NV22, NV22C, NV22L, NV22LC, NV22P, NV22T, NV22Q, NV22W),

the Shark Multi-Vac (Model No. NH15W), the Shark Cordless Stick Vac (Model No. SV800W), the Shark 18 Volt Cordless Hand Vac (Model No. EP740H), the Shark Retractor PowerVac (Model Nos. EP187 and EP187TN), the Shark Bagless Cyclonic Handheld Vacuum Cleaner (Model Nos. V15Z and V1510), and the Fantom Bagless Cyclonic Handheld Vacuum Cleaner (Model No. FM430).

## COUNT IV
### INFRINGEMENT OF THE '817 PATENT

59. Plaintiffs reallege and incorporate by reference the foregoing paragraphs of this Complaint as though fully set forth herein.

60. The acts of Euro-Pro complained of herein constitute infringement of the '817 patent in violation of 35 U.S.C. § 271.

61. More specifically, Plaintiffs assert infringement of the '817 patent by the Shark Navigator (Model Nos. NV22, NV22C, NV22L, NV22LC, NV22P, NV22T, NV22Q, NV22W), the Shark Multi-Vac (Model No. NH15W), the Shark Cordless Stick Vac (Model No. SV800W), the Shark 18 Volt Cordless Hand Vac (Model No. EP740H), and the Shark Retractor PowerVac (Model Nos. EP187 and EP187TN).

## COUNT V
### INFRINGEMENT OF THE '295 PATENT

62. Plaintiffs reallege and incorporate by reference the foregoing paragraphs of this Complaint as though fully set forth herein.

63. The acts of Euro-Pro complained of herein constitute infringement of the '295 patent in violation of 35 U.S.C. § 271.

64. More specifically, Plaintiffs assert infringement of the '295 patent by the Shark Multi-Vac (Model No. NH15W), the Shark 18 Volt Cordless Hand Vac (Model No. EP740H),

the Shark Retractor PowerVac (Model Nos. EP187 and EP187TN), the Shark Bagless Cyclonic Handheld Vacuum Cleaner (Model Nos. V15Z and V1510), and the Fantom Bagless Cyclonic Handheld Vacuum Cleaner (Model No. FM430).

## COUNT VI
### INFRINGEMENT OF THE '626 PATENT

65. Plaintiffs reallege and incorporate by reference the foregoing paragraphs of this Complaint as though fully set forth herein.

66. The acts of Euro-Pro complained of herein constitute infringement of the '626 patent in violation of 35 U.S.C. § 271.

67. More specifically, Plaintiffs assert infringement of the '626 patent by the Shark 9.6 Volt Cordless Hand Vac (Model No. SV728NC), the Shark 12 Volt Cordless Hand Vac (Model No. SV7728), the Shark 14.4 Volt Cordless Hand Vac (Model Nos. SV7729N and SV70), the Shark 15.6 Volt Cordless Hand Vac (Model Nos. SV736, SV736R, and SV736N), the Shark VX33 16.8 Volt Cordless Hand Vac (Model No. SV768 14), the Shark 18 Volt Cordless Hand Vac (Model No. EP740H), the Shark Retractor PowerVac (Model Nos. EP187 and EP187TN), the Shark Bagless Cyclonic Handheld Vacuum Cleaner (Model Nos. V15Z and V1510), and the Fantom Bagless Cyclonic Handheld Vacuum Cleaner (Model No. FM430).

## COUNT VII
### INFRINGEMENT OF THE '815 PATENT

68. Plaintiffs reallege and incorporate by reference the foregoing paragraphs of this Complaint as though fully set forth herein.

69. The acts of Euro-Pro complained of herein constitute infringement of the '815 patent in violation of 35 U.S.C. § 271.

70. More specifically, Plaintiffs assert infringement of the '815 patent by the Shark Navigator (Model Nos. NV22, NV22C, NV22L, NV22LC, NV22P, NV22T, NV22Q, NV22W) and the Shark Multi-Vac (Model No. NH15W).

## COUNT VIII
### INFRINGEMENT OF THE '446 PATENT

71. Plaintiffs reallege and incorporate by reference the foregoing paragraphs of this Complaint as though fully set forth herein.

72. The acts of Euro-Pro complained of herein constitute infringement of the '446 patent in violation of 35 U.S.C. § 271.

73. More specifically, Plaintiffs assert infringement of the '446 patent by the Shark Navigator (Model Nos. NV22, NV22C, NV22L, NV22LC, NV22P, NV22T, NV22Q, NV22W), the Shark Multi-Vac (Model No. NH15W), and the Shark Cordless Stick Vac (Model No. SV800W).

## COUNT IX
### INFRINGEMENT OF THE '557 PATENT

74. Plaintiffs reallege and incorporate by reference the foregoing paragraphs of this Complaint as though fully set forth herein.

75. The acts of Euro-Pro complained of herein constitute infringement of the '557 patent in violation of 35 U.S.C. § 271.

76. More specifically, Plaintiffs assert infringement of the '557 patent by the Shark Cordless Stick Vac (Model No. SV800W).

## COUNT X
### INFRINGEMENT OF THE '234 PATENT

77. Plaintiffs reallege and incorporate by reference the foregoing paragraphs of this Complaint as though fully set forth herein.

78. The acts of Euro-Pro complained of herein constitute infringement of the '234 patent in violation of 35 U.S.C. § 271.

79. More specifically, Plaintiffs assert infringement of the '234 patent by the Shark Navigator (Model Nos. NV22, NV22C, NV22L, NV22LC, NV22P, NV22T, NV22Q, NV22W), the Shark Multi-Vac (Model No. NH15W), and the Shark Cordless Stick Vac (Model No. SV800W).

## COUNT XI
### INFRINGEMENT OF THE '622 PATENT

80. Plaintiffs reallege and incorporate by reference the foregoing paragraphs of this Complaint as though fully set forth herein.

81. The acts of Euro-Pro complained of herein constitute infringement of the '622 patent in violation of 35 U.S.C. § 271.

82. More specifically, Plaintiffs assert infringement of the '622 patent by the Shark 9.6 Volt Cordless Hand Vac (Model No. SV728NC), the Shark 12 Volt Cordless Hand Vac (Model No. SV7728), the Shark 14.4 Volt Cordless Hand Vac (Model Nos. SV7729N and SV70), the Shark 15.6 Volt Cordless Hand Vac (Model Nos. SV736, SV736R, and SV736N), the Shark VX33 16.8 Volt Cordless Hand Vac (Model No. SV768 14), and the Shark Retractor PowerVac (Model Nos. EP187 and EP187TN).

## COUNT XII
### INFRINGEMENT OF THE '166 PATENT

83. Plaintiffs reallege and incorporate by reference the foregoing paragraphs of this Complaint as though fully set forth herein.

84. The acts of Euro-Pro complained of herein constitute infringement of the '166 patent in violation of 35 U.S.C. § 271.

85. More specifically, Plaintiffs assert infringement of the '166 patent by the Shark Navigator (Model Nos. NV22, NV22C, NV22L, NV22LC, NV22P, NV22T, NV22Q, NV22W), the Shark Multi-Vac (Model No. NH15W), and the Shark Cordless Stick Vac (Model No. SV800W).

## COUNT XIII
### INFRINGEMENT OF THE '681 PATENT

86. Plaintiffs reallege and incorporate by reference the foregoing paragraphs of this Complaint as though fully set forth herein.

87. The acts of Euro-Pro complained of herein constitute infringement of the '681 patent in violation of 35 U.S.C. § 271.

88. More specifically, Plaintiffs assert infringement of the '681 patent by the Shark Navigator (Model Nos. NV22, NV22C, NV22L, NV22LC, NV22P, NV22T, NV22Q, NV22W), the Shark Multi-Vac (Model No. NH15W), the Shark Cordless Stick Vac (Model No. SV800W), the Shark 9.6 Volt Cordless Hand Vac (Model No. SV728NC), the Shark 12 Volt Cordless Hand Vac (Model No. SV7728), the Shark 14.4 Volt Cordless Hand Vac (Model Nos. SV7729N and SV70), the Shark 15.6 Volt Cordless Hand Vac (Model Nos. SV736, SV736R, and SV736N), the Shark VX33 16.8 Volt Cordless Hand Vac (Model No. SV768 14), the Shark 18 Volt Cordless Hand Vac (Model No. EP740H), the Shark Retractor PowerVac (Model Nos. EP187 and EP187TN), the Shark Bagless Cyclonic Handheld Vacuum Cleaner (Model Nos. V15Z and V1510), and the Fantom Bagless Cyclonic Handheld Vacuum Cleaner (Model No. FM430).

## JURY DEMAND

Plaintiffs demand a trial by jury on all matters and issues triable by a jury.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray that this Court enter judgment in their favor and against Euro-Pro granting the following relief:

A. An award of damages to Plaintiffs with interests and costs for Euro-Pro's breach of the Agreement;

B. A finding that Euro-Pro has infringed, induced others to infringe, and/or contributed to the infringement of the '949 patent;

C. An award of damages to Plaintiffs with interest and costs for Euro-Pro's infringement of the '949 patent;

D. A permanent injunction enjoining Euro-Pro, its officers, partners, employees, agents, parents, subsidiaries, attorneys, and anyone acting or participating with them, from manufacturing, making, selling, offering for sale, importing, or using a product that infringes the '949 patent;

E. A finding that Euro-Pro has infringed, induced others to infringe, and/or contributed to the infringement of the '291 patent;

F. An award of damages to Plaintiffs with interest and costs for Euro-Pro's infringement of the '291 patent;

G. A permanent injunction enjoining Euro-Pro, its officers, partners, employees, agents, parents, subsidiaries, attorneys, and anyone acting or participating with them, from manufacturing, making, selling, offering for sale, importing, or using a product that infringes the '291 patent;

H. A finding that Euro-Pro has infringed, induced others to infringe, and/or contributed to the infringement of the '817 patent;

15

I. An award of damages to Plaintiffs with interest and costs for Euro-Pro's infringement of the '817 patent;

J. A permanent injunction enjoining Euro-Pro, its officers, partners, employees, agents, parents, subsidiaries, attorneys, and anyone acting or participating with them, from manufacturing, making, selling, offering for sale, importing, or using a product that infringes the '817 patent;

K. A finding that Euro-Pro has infringed, induced others to infringe, and/or contributed to the infringement of the '295 patent;

L. An award of damages to Plaintiffs with interest and costs for Euro-Pro's infringement of the '295 patent;

M. A permanent injunction enjoining Euro-Pro, its officers, partners, employees, agents, parents, subsidiaries, attorneys, and anyone acting or participating with them, from manufacturing, making, selling, offering for sale, importing, or using a product that infringes the '295 patent;

N. A finding that Euro-Pro has infringed, induced others to infringe, and/or contributed to the infringement of the '626 patent;

O. An award of damages to Plaintiffs with interest and costs for Euro-Pro's infringement of the '626 patent;

P. A permanent injunction enjoining Euro-Pro, its officers, partners, employees, agents, parents, subsidiaries, attorneys, and anyone acting or participating with them, from manufacturing, making, selling, offering for sale, importing, or using a product that infringes the '626 patent;

Q. A finding that Euro-Pro has infringed, induced others to infringe, and/or contributed to the infringement of the '815 patent;

R. An award of damages to Plaintiffs with interest and costs for Euro-Pro's infringement of the '815 patent;

S. A permanent injunction enjoining Euro-Pro, its officers, partners, employees, agents, parents, subsidiaries, attorneys, and anyone acting or participating with them, from manufacturing, making, selling, offering for sale, importing, or using a product that infringes the '815 patent;

T. A finding that Euro-Pro has infringed, induced others to infringe, and/or contributed to the infringement of the '446 patent;

U. An award of damages to Plaintiffs with interest and costs for Euro-Pro's infringement of the '446 patent;

V. A permanent injunction enjoining Euro-Pro, its officers, partners, employees, agents, parents, subsidiaries, attorneys, and anyone acting or participating with them, from manufacturing, making, selling, offering for sale, importing, or using a product that infringes the '446 patent;

W. A finding that Euro-Pro has infringed, induced others to infringe, and/or contributed to the infringement of the '557 patent;

X. An award of damages to Plaintiffs with interest and costs for Euro-Pro's infringement of the '557 patent;

Y. A permanent injunction enjoining Euro-Pro, its officers, partners, employees, agents, parents, subsidiaries, attorneys, and anyone acting or participating with

them, from manufacturing, making, selling, offering for sale, importing, or using a product that infringes the '557 patent;

Z. A finding that Euro-Pro has infringed, induced others to infringe, and/or contributed to the infringement of the '234 patent;

AA. An award of damages to Plaintiffs with interest and costs for Euro-Pro's infringement of the '234 patent;

BB. A permanent injunction enjoining Euro-Pro, its officers, partners, employees, agents, parents, subsidiaries, attorneys, and anyone acting or participating with them, from manufacturing, making, selling, offering for sale, importing, or using a product that infringes the '234 patent;

CC. A finding that Euro-Pro has infringed, induced others to infringe, and/or contributed to the infringement of the '622 patent;

DD. An award of damages to Plaintiffs with interest and costs for Euro-Pro's infringement of the '622 patent;

EE. A permanent injunction enjoining Euro-Pro, its officers, partners, employees, agents, parents, subsidiaries, attorneys, and anyone acting or participating with them, from manufacturing, making, selling, offering for sale, importing, or using a product that infringes the '622 patent;

FF. A finding that Euro-Pro has infringed, induced others to infringe, and/or contributed to the infringement of the '166 patent;

GG. An award of damages to Plaintiffs with interest and costs for Euro-Pro's infringement of the '166 patent;

HH. A permanent injunction enjoining Euro-Pro, its officers, partners, employees, agents, parents, subsidiaries, attorneys, and anyone acting or participating with them, from manufacturing, making, selling, offering for sale, importing, or using a product that infringes the '166 patent;

II. A finding that Euro-Pro has infringed, induced others to infringe, and/or contributed to the infringement of the '681 patent;

JJ. An award of damages to Plaintiffs with interest and costs for Euro-Pro's infringement of the '681 patent;

KK. A permanent injunction enjoining Euro-Pro, its officers, partners, employees, agents, parents, subsidiaries, attorneys, and anyone acting or participating with them, from manufacturing, making, selling, offering for sale, importing, or using a product that infringes the '681 patent;

LL. A finding that this case is exceptional and an award of treble damages and attorneys' fees to Plaintiffs; and

MM. An award to Plaintiffs of such other relief as the Court may deem just and equitable.

Dated this 22nd day of April, 2010.

        By: <u>s/Nicholas J. Gingo</u>
           Todd R. Tucker, Reg. No. 0065617
           Nicholas J. Gingo, Reg. No. 0083684
           **RENNER, OTTO, BOISSELLE & SKLAR, LLP**
           1621 Euclid Avenue, 19th Floor
           Cleveland, OH 44115
           Telephone: (216) 621-1113
           Fax: (216) 621-6165
           E-mail: ttucker@rennerotto.com
                 ngingo@rennerotto.com

           J. Donald Best
           **MICHAEL BEST & FRIEDRICH LLP**
           One South Pinckney Street, Suite 700
           Madison, WI 53703-4257
           Telephone: (608) 257-3501
           Fax: (608) 283-2275
           E-mail: jdbest@michaelbest.com

           Richard H. Marschall
           Melanie J. Reichenberger
           **MICHAEL BEST & FRIEDRICH LLP**
           100 East Wisconsin Avenue, Suite 3300
           Milwaukee, WI  53202-4108
           Telephone:  (414) 271-6560
           Fax:  (414) 277-0656
           E-mail: rhmarschall@michaelbest.com
                 mjreichenberger@michaelbest.com

           *Attorneys for Plaintiffs*
           *Royal Appliance Manufacturing Co.,*
           *d/b/a TTI Floor Care North America, and*
           *Techtronic Floor Care Technology Ltd.*